937 F.Supp. 166 (1996)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
Edward P. Kelly, Plaintiff-intervenor,
v.
AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO and Security and Law Enforcement Employees Council 82, Defendants,
and
State of New York and State Department of Correctional Services, Rule 19 Defendants.
No. 94-CV-1022.
United States District Court, N.D. New York.
June 14, 1996.
*167 E.E.O.C., New York District Office, New York City (James L. Lee, Ann Thacher Anderson, of counsel), National Right to Work Legal Defense Foundation, Inc., Springfield, VA (Bruce N. Cameron, of counsel), Kriss, Kriss & Brignola, Albany, NY (Charles T. Kriss, of counsel), for Edward P. Kelly.
Hite & Casey, P.C., Albany, NY (Lise Gelernter, of counsel), for defendant AFSCME and Council 82.
Dennis C. Vacco, Attorney General, State of N.Y., Department of Law, Albany, NY (Robert A. Siegfried, Assistant Attorney General, of counsel), for State of N.Y., NYS Dept. of Correctional Services.

MEMORANDUM DECISION AND ORDER
CHOLAKIS, District Judge.
Plaintiff-Intervenor Edward P. Kelly (Kelly) is employed by the New York State Department of Correctional Services as a corrections officer at Great Meadow Correctional Facility. Defendant Council 82, a division of defendant American Federation of State, County and Municipal Employees (AFSCME), is the union which represents corrections officers. All corrections officers are required to pay either dues, as members of Council 82, or shop fees, as employees who benefit from the efforts of Council 82 in negotiating contracts for the corrections officers.
Kelly is a Roman Catholic who objects to the positions of Council 82 and AFSCME on the issues of abortion and the death penalty. As such, Kelly requested he be permitted to donate his shop fees to a charitable organization, rather than support an organization with which he is religiously and morally at odds. Council 82 denied this request, and Kelly filed a complaint with the New York State Division of Human Rights and the Equal Employment Opportunity Commission (EEOC), claiming a violation of his right to freedom of religion. Following a determination in Kelly's favor, EEOC commenced the current lawsuit claiming the failure to accommodate Kelly's religious beliefs violated his rights under 42 U.S.C. § 2000e (Title VII). Kelly sought and was granted intervenor status and also brought a claim under 42 U.S.C. 2000bb, the Religious Freedom Restoration Act (RFRA).
Plaintiffs have now brought motions for summary judgment maintaining that there are no outstanding questions of fact, and they are entitled to judgment in their favor as a matter of law. Plaintiffs contend that the union failed to make a reasonable accommodation of Kelly's religious beliefs, and that this court should issue an order requiring refund of all shop fees paid by Kelly since 1991, as well as an injunction prohibiting the *168 union from failing to make such accommodations in the future.[1]
Defendants AFSCME and Council 82 have also filed a motion for summary judgment. Defendants contend that plaintiffs have failed to state a claim under Title VII as the claim set forth in the complaint is really a freedom of association claim and not a freedom of religion claim, negating a cause of action under Title VII or RFRA. Finally defendants contend that even if plaintiffs have stated a claim under Title VII, defendants are entitled to summary judgment as the union has an accommodation policy in place which allows a refund, admittedly minimal, of those portions of the shop fee which support the causes with which Kelly is at odds. Defendants assert this is a reasonable accommodation of Kelly's religious beliefs entitling them to judgment as a matter of law.
The imposition of shop fees upon those employees who do not wish to join the representative union is a permissible labor practice. Accommodation of the constitutional rights of those employees compelled to make these payments is however, also a recognized obligation of the union. Machinists v. Street, 367 U.S. 740, 81 S.Ct. 1784, 6 L.Ed.2d 1141 (1961).
Although defendants assert there has been no harm inflicted upon plaintiff by requiring payment of his shop fees, "[t]he fact that [plaintiff] is compelled to make, rather than prohibited from making, contributions for political purposes works no less an infringement of [his] constitutional rights." Abood v. Detroit Board of Education, 431 U.S. 209, 234, 97 S.Ct. 1782, 1799, 52 L.Ed.2d 261 (1977). "... [T]he extent of one's disagreement with the subject of compulsory speech is relevant to the degree of impingement upon free expression that compulsion will effect." Lehnert v. Ferris Faculty Assn., 500 U.S. 507, 522, 111 S.Ct. 1950, 1960, 114 L.Ed.2d 572 (1991).
Defendants do not challenge the legitimacy of Kelly's beliefs, they assert that the rebate policy is the only accommodation they are required to make. Charitable contributions in lieu of union dues however, have also been found to constitute a reasonable accommodation under Title VII. Intern. Ass'n. of Machinists v. Boeing Co., 833 F.2d 165 (9th Cir.1987).
"The duty to accommodate cannot be defined without reference to the specific religious belief at issue." EEOC v. University of Detroit, 904 F.2d 331, 335 (6th Cir.1990). There are two objections to payment of shop fees raised by Kelly, one of supporting particular issues with which he is religiously at odds, and the other of supporting an organization that champions these issues. Merely reallocating the fees collected would not be a real solution in the current action, as it would only reallocate the utilization of funds by the organization. See, Abood v. Detroit Board of Education, 431 U.S. at 237, n. 35, 97 S.Ct. at 1800-01, n. 35. This would not address Kelly's objection to supporting the organization itself. It is only through redirecting the funds entirely that Kelly's religious objections are fully met.
Although defendants assert allowing a charitable contribution of Kelly's dues would create an undue hardship, "[t]he loss of one employee's dues thus does not inflict undue hardship on a union. To prove undue hardship a union must demonstrate a widespread refusal to pay union dues." Intern. Ass'n. of Machinists v. Boeing Co., 833 F.2d at 168. No such showing has been made here. As such, plaintiffs are entitled to summary judgment in their favor, allowing Kelly to pay an amount equal to his shop fee to an agreed upon charitable organization. Kelly is further entitled to a rebate of his fees, also to be donated appropriately, from November 19, 1991. The union defendants' motions for summary judgment on the Title VII claim are denied.[2]
*169 As to EEOC's request that this court issue declaratory relief far broader than set forth above, a determination of reasonable accommodation must be made on a case by case basis. Defendants are aware of their obligations in this regard, as evidenced by the existing rebate policy. The fact that they may have differed in opinion as to the accommodation to be made in this case does not necessitate broad sweeping declaratory relief beyond that set forth herein. EEOC's motion for summary judgment in this regard is denied.
Defendants, State of New York and the Department of Correctional Services have also filed a motion to dismiss for failure to state a claim. As noted by these defendants in their motion, the actions complained of here are those of the union defendants. The State has no authority to negotiate terms between employees and the union. The only state action set forth in the current lawsuit is the method by which deductions are made from employee paychecks to pay shop fees. This is not the activity complained of in this lawsuit. Plaintiffs do not, and could not, take issue with the shop fee requirement. Abood v. Detroit Board of Education, 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261. In fact, the relief sought by plaintiffs takes into account continued payment of the shop fee, but merely seeks redirection of the funds once paid. Thus Kelly has failed to state a claim against the state defendants for violating Title VII, and that claim is dismissed.
Similarly, Kelly does not state a claim under RFRA, as any government action alleged herein does not infringe plaintiff's religious freedoms. It is solely the actions of the unions, acting privately, which encroach upon Kelly's beliefs. This is not the type of governmental burdening of religious exercise sought to be eliminated by RFRA. See, Trinity United Methodist Parish v. Bd. of Educ., 907 F.Supp. 707, 718 (S.D.N.Y.1995) (Denial of use of school facility for magic show which was to include religious service not encroachment upon religious practice by government action); 42 U.S.C. § 2000bb-1(a). Kelly's RFRA claim is dismissed as against all defendants.

CONCLUSION
Plaintiffs' motions for summary judgment are granted, allowing Kelly to pay an amount equal to his shop fee to an agreed upon charitable organization. Kelly is further entitled to a rebate of his fees, also to be donated appropriately, from November 19, 1991. EEOC's motion for summary judgment seeking declaratory relief as against the union defendants is denied. The summary judgment motions of AFSCME and Council 82 are denied except as to plaintiff Kelly's claims pursuant to RFRA. The state defendants' motion to dismiss is granted. Kelly's RFRA claim is dismissed as against all defendants.
NOTES
[1] Plaintiff-Intervenor Kelly has also made a motion to strike affidavits based on improper arguments and failure to comply with the Local Rules and the Federal Rules of Civil Procedure. This motion is denied, although the court notes that the appropriate weight is given to the statements contained in the objected to affidavits as legal arguments and not as statements of fact.
[2] AFSCME initially contends that Kelly failed to name it in his complaint with the NYSDHR, and as such this court has no jurisdiction over it. However, AFSCME is clearly named in the complaint with the NYSDHR. Kelly indicates he intended it to be so named and AFSCME is clearly aware of the litigation. Summary judgment on this basis is denied.